United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVONIA X-LITTLEPAGE,<br><br>             Plaintiff,<br><br>      v.<br><br>BERKEL & COMPANY CONTRACTORS, INC, et al.,<br><br>             Defendants. | Case No. 3:16-cv-00718-JD<br><br>**ORDER RE REMAND AND COSTS AND FEES**<br><br>Re: Dkt. No. 8 |

Plaintiff Sylvonia X-Littlepage ("X-Littlepage") moves to remand this action to California state court and seeks related costs and fees. No opposition was filed. The record shows that the case was removed improvidently and without jurisdiction, and remand is ordered. Fees and costs are granted.

**BACKGROUND**

X-Littlepage filed this action under the California Fair Employment and Housing Act ("FEHA") in the Alameda County Superior Court on April 7, 2015. Dkt. No. 1, Ex. A at 3-7; Ex. F at 3-9. X-Littlepage served the summons and complaint on defendant Berkel & Company Contractors, Inc. ("Berkel") on January 29, 2016, Dkt. No. 1, Ex. G at 2. On February 11, 2016, Berkel removed this action to this Court on the basis of diversity jurisdiction. Dkt. No. 1 at ¶ 15. It acknowledged that defendant Darnell McCloud ("McCloud") is a California resident but pursued removal because McCloud had not been served. *Id.*; Dkt. No. 1, Ex. E at 1. X-Littlepage now moves to remand the action back to the state court. Dkt. No. 8.

**DISCUSSION**

**I.      Remand**

An action filed in state court may be removed to federal court only if the federal court would have had original subject matter jurisdiction over the action because it raises a federal question under 28 U.S.C. § 1331 or involves diversity of citizenship under 28 U.S.C. § 1332. 28 U.S.C. § 1441(a). As a rule, "removal statutes are strictly construed against removal," and "any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citation omitted). The strong presumption against removal means that the "defendant seeking removal has the burden to establish that removal is proper." *Id.* If "the subject matter of an action qualifies [the action] for removal, the burden is on a plaintiff to find an express exception." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007) (citing *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003)).

Removal was not proper in this case. Generally, all defendants in an action must join in a petition for removal. *United Computer Sys., Inc. v. AT &T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002). Although unserved defendants are an exception to this rule of unanimity, when the basis for the removal is diversity jurisdiction, the Court will take into account the citizenship of unserved defendants in determining whether complete diversity exists. *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939)). According to the complaint, plaintiff X-Littlepage and defendant McCloud are residents of California, Dkt. No. 1, Ex. F ¶¶ 1, 3. Berkel never responded to the remand motion and so it has failed show that the parties' places of citizenship or domicile are truly diverse. Because complete diversity is not present and the complaint does not raise a federal question, the case was removed improvidently and without jurisdiction.[1]

Berkel's apparent reliance in the removal petition on the forum defendant rule under 28 U.S.C. § 1441(b) is misplaced. Under Section 1441(b), "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest

---

[1] It is unnecessary to address X-Littlepage's other argument that Berkel failed to establish the amount in controversy requirement for diversity jurisdiction.

properly joined and served as defendants is a citizen of the State in which such action is brought." Berkel appears to contend that, because defendant McCloud was not "properly joined and served," as required by Section 1441(b), his status as the forum defendant does not bar the removal. Dkt. No. 1 at 8. While this is a correct statement of the law, plaintiff's failure to serve the forum defendant does not relieve the burden on the removing defendant to establish diversity jurisdiction in the first place. As is plain from the language of the statute, the existence of a forum defendant limits removal when the "civil action [is] otherwise removable . . . on the basis of [diversity jurisdiction]." 28 U.S.C. § 1441(b). Since Berkel has not established diversity jurisdiction, this action is not "otherwise removable" and the applicability of the forum defendant rule is immaterial.

## II.     Attorneys' Fees and Costs

X-Littlepage also seeks an award of the attorneys' fees and costs incurred in bringing this motion to remand. Dkt. No. 8 at 6-7. 28 U.S.C. § 1447(c) permits the Court to order payment of "just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "But removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Instead, the objective reasonableness of a removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. *Id.* at 1066-67.

Our circuit has long held that a "nonresident defendant cannot remove a 'nonseparable' action if the citizenship of any codefendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or nonservice upon the codefendant." *Vitek*, 412 F.2d at 1176 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939)); *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 78-79 (9th Cir. 1979) ("We . . . explicitly rejected the argument that § 1441(b), by implication, expanded removal jurisdiction to permit removal, despite want of diversity, if a

resident defendant whose presence would defeat diversity had not been served.") (internal quotation marks and citation omitted). It also appears that after the initial notice of removal was filed, X-Littlepage's counsel informed Berkel's counsel in writing that removal was improper due to the controlling Ninth Circuit and Supreme Court authorities that require diversity be proven both as to served and un-served defendants. March 7, 2016 Letter from A. Knisbacher to A. Tutt, Dkt. No. 8-1, Ex. A at 1. Despite this exchange, Berkel neither withdrew its notice of removal nor explained why it believed its removal request was objectively reasonable. In fact, Berkel failed to even file an opposition to X-Littlepage's motion to remand. *See Bottom v. Forbes*, No. C-15-1596 EMC, 2015 WL 3395865, at *2 (N.D. Cal. 2015) (awarding attorneys' fees where defendant "failed to . . . file an opposition" and the notice of removal was "obviously deficient"); *Tvia, Inc. v. Silva*, No. 08-1908 SC, 2008 WL 3843212, at *8 (N.D. Cal. 2008) (awarding attorneys' fees where defendants "willfully ignored and misinterpreted the governing statutes and case law").

These circumstances warrant the award of fees and costs. X-Littlepage is directed to file within **seven (7) days** from the date this order is filed a sworn statement specifying the amount of attorneys' fees and costs that she incurred as a result of Berkel's improvident removal. The Clerk of the Court is directed to return this case to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: April 15, 2016

JAMES DONATO
United States District Judge